## HIRAM F. STEVENS

*v.*

## BENJAMIN F. IRWIN *et al.*

1. REDEMPTION—*evidence of agreement to extend time of.* Where a judgment debtor, whose land had been sold on execution, before the expiration of twelve months from the date of the sale paid the holder of the certificate of purchase a small portion of the money necessary to redeem, the latter giving a receipt for the same, to apply on redemption of the land: *Held,* that this afforded no evidence of an agreement to extend the statutory period of redemption, but the fair intendment was, that it was paid on a redemption to be made within the time allowed by law.

2. But the receipt of money by the holder of the certificate of purchase after the twelve months had expired, but before the expiration of fifteen months, the time for taking out a deed, to apply on the redemption, would seem to imply that further time was given. But in the absence of proof, the debtor would be required to complete the redemption before the fifteen months expired, or within a reasonable time from the payment.

3. SAME—*as against an innocent purchaser.* Notwithstanding there may be an agreement to extend the time for redemption of land sold on execution, beyond fifteen months from the day of sale, which would be enforced as between the parties to the agreement, yet, if the certificate of purchase is sold and assigned to an innocent purchaser, who has no notice of the agreement, and who pays its value, he will take the same discharged from all equities in favor of the debtor as against the assignor.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was a bill in chancery, by Hiram F. Stevens against Benjamin F. Irwin, Philip K. Dedrick, James Emery and

Charles R. Post, to enforce an alleged verbal agreement to extend the period fixed by law for redeeming a tract of land, etc.

It appeared that Dedrick and Emery, having recovered judgment against Stevens for $253, had an execution issued on the same, levied upon the undivided half of the east half of the east half of the south-east quarter of sec. 17, town. 16 north, range 7 west, as the property of Stevens, and the same was sold to Dedrick & Co., for the sum of $294.70, on July 5, 1870. On June 2, 1871, Charles R. Post, as agent for Dedrick & Co., receipted to Stevens for the sum of $175, to apply towards the redemption of the land, and on August 24, 1871, receipted for the further sum of $25, "to apply on account." October 14, 1871, Dedrick & Co. assigned their certificate of purchase to Post, and he, on Nov. 3, 1871, sold and assigned it to Irwin, for the consideration of $1500, who obtained a sheriff's deed thereon.

The bill charged that Irwin was the agent of the complainant in procuring an extension of the time for redemption, and prayed that Irwin might be decreed as holding the land in trust for the complainant. Irwin denied any agency or knowledge of any agreement to give time to redeem. Stevens brought into court $125, and offered the same as a tender to whomsoever the court might find entitled to the same. The court, on the hearing, dismissed the bill, and Stevens appealed.

Messrs. McCLERNAND & KEYES, for the appellant.

Messrs. STUART, EDWARDS & BROWN, for appellee Irwin.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears, from the record, that appellee Irwin purchased the land in dispute of appellee Post. The land had been sold on an execution against appellant and in favor of Dedrick &

Co., and the time for redemption by either appellant or his creditors had expired, and Post, who held the certificate by assignment from Dedrick & Co., assigned it to Irwin, who procured a sheriff's deed. In payment of his purchase, Irwin assigned to Post a note on one Connor, for $1000, and gave a lease for a house in Pleasant Plains, for five years, to the family of appellant, which was estimated at $500, and the family have since occupied the house.

It also appears that, after the sale and before the expiration of twelve months, appellant sent, by Irwin, $175, which was paid by him to Post, who gave a receipt for the same, to apply on the redemption of the land, and appellant, after the twelve months for his redemption had expired, paid to Post $25, for which he receipted, to be applied on account. When these receipts were given, Post was the agent of Dedrick & Co., but he subsequently purchased the certificate of purchase.

Appellant claims the right to complete the redemption, under an agreement by Post to extend the time, and that Irwin was his agent in procuring the extension. On the other hand, it is denied that the time was extended or that Irwin was ever appellant's agent, as claimed.

It is first urged, that the receipts evidence an agreement to extend the time for redemption. Such an effect can not, by any fair or reasonable intendment, be inferred from the first receipt. It does not say so in terms, nor can such an implication be drawn. The fair intendment would be, that it was paid on a redemption in the time allowed by the statute. There is no language or circumstance in the record to raise any other inference. Such would be the course we would expect the debtor to pursue, if intending to redeem, not having the requisite amount of money, and desiring to stop interest.

As to the $25 receipt, given after the time for redemption had expired but within the fifteen months, if paid towards the redemption, as we are inclined to think it was, it seems to imply that further time was given, but what length of time

does not appear; but the natural inference would be, that the balance should be paid within the fifteen months, or, at all events, within a reasonable time, and it may be that, as between appellant and Post, the court would have compelled the acceptance of the balance of the money, had it been tendered by the end of the fifteen months, or in a reasonable time.   But unless a time had been agreed upon, and appellant does not claim there was, he had no right to expect any but a short period within which to complete the redemption.   He had been notified by Irwin that Post had said he would extend him no favors.   Knowing this, he had every reason to believe that Post would require him to act promptly, and that if the time was extended indefinitely the period would be short.   And appellant seems to have understood that it would not extend beyond the fifteen months, as he, on the last day of that time, went, with Irwin, to have him pay the balance, and have the certificate assigned to him, but, finding Post absent, he went to the sheriff to get him to receive the money, but he declined, because the time for a redemption had expired.

But in the view we take of the case, it does not matter what implied understanding may have existed between appellant and Post, as Irwin has become the owner for value, and, we think, without notice of appellant's rights, if any he has. He purchased the certificate of purchase from the holder, apparently a *bona fide* purchaser, after the time for all redemptions under the statute had expired.   He paid $37.50 per acre, and, for anything we can see, its value.   There was nothing of record or in the papers which gave or charged him with notice that appellant claimed any rights in the property. And Post denies that time was ever extended, and Irwin denies, if there was such an agreement, that he had any knowledge of its existence.

It is true that he, at the request of appellant, who was sick, carried the $175 to Post, and paid it, and took his receipt therefor.   He also went with appellant to see Post on the

last day of redemption, with the agreement that he would pay the balance, and take an assignment of the certificate as security for the money; but Post was absent, and the sheriff properly refused to receive the money and give a certificate of redemption. On the 8th of October, three days after the expiration of fifteen months, appellant took the receipts from Irwin, and said he would get Wilson to attend to the matter for him, and Irwin denies that he was an agent for appellant. These circumstances are too slight to prove an agency.

The fact that he went with appellant on the last day of the fifteen months to pay the balance, and receive an assignment, looks more like he was a money lender than an agent. Whether or not he was actuated by feelings of friendship or otherwise, his proposition was to loan appellant the money, if he should receive the proposed security. But if it could, by possibility, be held that Irwin had been appellant's agent, he was not after the 8th of October. He was then informed that Wilson would attend to the business, and he was given to understand that his services would not be required in the future. Hence no fiduciary relation existed when Irwin purchased, in November. There is no evidence that he knew, when he purchased, that appellant still claimed the right to complete the redemption, or that he had not received back the money he had paid.

The evidence fails to show that Irwin was not a *bona fide* purchaser, and the decree must be affirmed.

*Decree affirmed.*